**Marian HOLLYWOOD,**
**Plaintiff–Appellant,**

**v.**

**CITY OF SANTA MARIA; Dorothy Lyman; Michael A. Maramonte; Wayne Schwammel,** Defendants–Appellees. (Two Cases)

**Nos. 87–6455, 89–55350.**

United States Court of Appeals,
Ninth Circuit.

Submitted to Motions Panel
June 12, 1989 \*.

Decided Oct. 6, 1989.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Alan A. Blakeboro, Matsinger & Blakeboro, Santa Barbara, Cal., for Marian Hollywood.

Mary L. Dowell, Liebert, Cassidy & Frierson, Los Angeles, Cal., for City of Santa Maria.

Richard R. Terzian, Adams, Duque & Hazeltine, Los Angeles, Cal., for Dorothy Lyman, Michael A. Maramonte, and Wayne Schwammel.

Arthur R. Montanden, City Atty. of Santa Maria, Cal., for City of Santa Maria.

Before SCHROEDER, BEEZER and TROTT, Circuit Judges.

SCHROEDER, Circuit Judge:

The question we must decide in this case is whether either of plaintiff-appellant's two notices of appeal is timely. Plaintiff-appellant, by her then counsel, filed her first notice of appeal after judgment was entered but before entry of the order denying her motion for new trial. Several months after entry of the order, she replaced her former attorney with a new attorney, who filed a second notice on her behalf. The second notice, however, was filed over a year after entry of the order denying her new trial motion. As a result, appellees have moved to dismiss both appeals.

This is the most recent in a series of cases in which we have discussed the provisions of Fed.R.App.P. 4(a) regarding entry of judgment as these provisions apply to cases where a party has made a timely post-judgment motion under Fed.R.Civ.P. 59. *See Allah v. Superior Court,* 871 F.2d 887 (9th Cir.1989); *Beaudry Motor Co. v. Abko Properties, Inc.,* 780 F.2d 751 (9th Cir.1986), *cert. denied,* 479 U.S. 825, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986); *Calhoun v. United States,* 647 F.2d 6 (9th Cir.1981). We consider this case against the backdrop of two Supreme Court decisions: *Acosta v. Louisiana Dept. of Health and Human Resources,* 478 U.S. 251, 254, 106 S.Ct. 2876, 2877, 92 L.Ed.2d 192 (1986) (per curiam), which disapproved a portion of our holding in *Calhoun* and held that a notice of appeal filed after the oral announcement of a denial of a Rule 59 motion and before entry of a written order is without effect, and *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 388, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978) (per curiam), which held that, although separate entry of judgment pursuant to Fed.R.Civ.P. 58 is necessary to start a party's appeal time running, it is not a prerequisite to appellate jurisdiction. Our analysis of the requirements of Fed.R.App.P. 4(a) in conjunction with Fed.R.Civ.P. Rules 58 and 70 which require us to dismiss both of these appeals as untimely.

Appellant filed the underlying sex discrimination and retaliation action against appellees in district court on March 19, 1984. She initially prevailed at trial on her retaliation claim, but the district court ordered the matter retried. In the second trial, the jury found for the appellees, and judgment was entered against appellant on June 29, 1987.[1]

---

1. The record indicates that this judgment was properly entered as required by Fed.R.Civ.P. 58

On July 9, 1987, appellant timely served and filed a motion for new trial under Fed.R.Civ.P. 59. The district court denied the motion orally from the bench on September 28, 1987, and on October 5, 1987, appellant filed her first notice of appeal (No. 87–6455).

It was not until March 2, 1988, however, that the district court filed a written order denying appellant's motion for a new trial. The order is titled, "Order Denying Plaintiff's New Trial Motion." It is nine pages in length, explains the legal and factual basis for the court's decision, and is signed by the district judge. The first page of the order indicates that it was entered on March 3, 1988, and is stamped, "This constitutes notice of entry as required by FRCP, Rule 77(d)." The order concludes with the statements, "THEREFORE, Plaintiff's motion for a new trial is DENIED. IT IS SO ORDERED." The order was entered in the docket with the following notation: "321 ORD. pltf's mot for a new trial is DENIED. Mld N/E stmpd copys to all ptys. (ENT 3/3/88)."

Appellant did not file a new notice of appeal within 30 days of the date of this order. Subsequently, she obtained new counsel, who on March 22, 1989, filed a second notice of appeal on her behalf (No. 89–55350).

■ Appellees argue that the first notice of appeal was premature and hence ineffective because it was filed before entry in the district court docket of the written disposition of the motion for new trial. We agree and find that appeal No. 87–6455 must be dismissed for lack of jurisdiction. *See* Fed.R.App.P. 4(a)(4); *Acosta*, 478 U.S. at 254, 106 S.Ct. at 2877; *Lewis v. United States Postal Serv.*, 840 F.2d 712, 714 (9th Cir. 1988) (per curiam).

Appellant's second notice of appeal, however, presents a question requiring more discussion. Fed.R.App.P. 4(a)(4) provides that when a timely post-judgment motion under Fed.R.Civ.P. 59 is made in the district court, the notice of appeal must be filed within 30 days of entry of the order disposing of the motion.[2] *See Beaudry Motor Co.*, 780 F.2d at 753–54. Timeliness requirements are jurisdictional. *Id.* In order to be effective to trigger the time to appeal, an order denying a motion for new trial must be entered in compliance with Fed.R.Civ.P. 58. *See* Fed.R.App.P. 4(a)(6).[3] Fed.R.Civ.P. 58 specifies that every judgment "shall be set forth on a separate document."[4] Fed.R.App.P. 58 and 4(a)(6) require that a judgment, to be effective, must be entered in compliance with Fed.R. Civ.P. 79(a).[5]

Appellees argue that because appellant did not file this notice of appeal for more than a year after the order denying the motion for new trial was entered on the docket, the appeal is untimely. In re-

and 79(a). This distinguishes this case from the situation the court faced in *Allah*, 871 F.2d at 887.

**2.** Fed.R.App.P. 4(a)(4) states in relevant part:
If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

**3.** Fed.R.App.P. 4(a)(6) states: "A judgment or order is entered within the meaning of this Rule

4(a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure."

**4.** The relevant portion of Fed.R.Civ.P. Rule 58 provides: "Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)."

**5.** Rule 79(a) states in part:
Civil Docket. The clerk shall keep a book known as "civil docket".... All papers filed with the clerk, all ... orders, verdicts, and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These entries shall be brief but shall show the nature of each paper filed ... and the substance of each order or judgment of the court.... The entry of an order or judgment shall show the date the entry is made.

sponse, appellant asserts that the time to appeal was never triggered because the district court's order denying her Rule 59 motion also contains an explanation of the reasons for the denial. As a result, she contends that the order did not constitute a "separate document" as required by Rule 58.

We do not quarrel with appellant's threshold proposition that the separate entry requirement of Rule 58 applies to orders denying Rule 59 motions. *See* Fed.R. App.P. 4(a)(6); *Beaudry Motor Co.,* 780 F.2d at 754. Appellant, however, goes on to argue that under Rule 58 the district court should have filed, in addition to its 9–page order, a separate, one sentence order stating that the motion was denied. She argues that only upon entry of such a second document on the docket sheet would the time for appeal have begun to run. On this basis, she asks us to hold that the period within which she had to file her appeal never began to run, and, accordingly, that the appeal was timely. She makes this argument despite the fact that the order denying her motion for new trial was labeled as an order denying the motion for new trial, was entered on the Clerk's docket as an order denying the motion for new trial, and was properly served with service duly noted on the docket sheet. With this reasoning we disagree.

To support her view, the appellant relies upon the Advisory Committee Note to the 1963 amendments to Rule 58, which states that in order for entry to be effective there must be a judgment "distinct from any opinion or memorandum— which provides the basis for the entry of judgment." In accordance with this language, we have held with respect to a *final judgment,* that the separate entry rule requires entry of a document distinct from any opinion or memorandum.[6] *See Allah,* 871 F.2d at 890; *Vernon v. Heckler,* 811 F.2d 1274, 1276 (9th Cir.1987). Neither precedent nor logic, however, compels us to extend this judgment rule to orders denying Rule 59 motions. We decline to hold that entry of such an order is ineffective to trigger the time for filing a notice of appeal simply because the order contains explanatory material.

The full history of Rule 58's separate entry requirement shows that it was intended to create greater certainty in establishing the time for which an appeal from a final judgment should lie. The rule was amended to include the separate entry requirement in order to end the problems arising when a court first entered an opinion with directive language that appeared to dispose of an entire case, but was not labeled a judgment, and later entered a formal judgment. The separate entry requirement was intended to add clarity to the time requirement, not confusion.[7]

---

**6.** "Judgment" is defined in Fed.R.Civ.P. 54(a) as "any order from which an appeal lies." In this case plaintiff is not attempting to appeal from the order denying the motion for a new trial, but rather from the underlying judgment.

**7.** The Advisory Committee Notes explained the 1963 amendment fully:

Hitherto some difficulty has arisen, chiefly where the court has written an opinion or memorandum containing some apparently directive or dispositive words, e.g., "the plaintiff's motion [for summary judgment] is granted," *see United States v. F. & M. Schaefer Brewing Co.,* 356 U.S. 227, 229, 78 S.Ct. 674, 676, 2 L.Ed.2d 721 (1958). Clerks on occasion have viewed these opinions or memoranda as being in themselves a sufficient basis for entering judgment in the civil docket as provided by Rule 79(a). However, where the opinion or memorandum has not contained all the elements of a judgment or where the judge has later signed a formal judgment, it has

become a matter of doubt whether the purported entry of judgment was effective, starting the time running for post-verdict motions and for the purpose of appeal. *See id.;* and compare *Blanchard v. Commonwealth Oil Co.,* 294 F.2d 834 (5th Cir.1961); *United States v. Higginson,* 238 F.2d 439 (1st Cir.1956); *Danzig v. Virgin Isle Hotel, Inc.,* 278 F.2d 580 (3d Cir.1960); *Sears v. Austin,* 282 F.2d 340 (9th Cir.1960), with *Matteson v. United States,* supra; *Erstling v. Southern Bell Tel. & Tel. Co.,* 255 F.2d 93 (5th Cir.1958); *Barta v. Oglala Sioux Tribe,* 259 F.2d 553 (8th Cir.1958), *cert. denied,* 358 U.S. 932, 79 S.Ct. 320, 3 L.Ed.2d 304 (1959); *Beacon Fed. S. & L. Assn. v. Federal Home L. Bank Bd.,* 266 F.2d 246 (7th Cir.), *cert. denied,* 361 U.S. 823, 80 S.Ct. 70, 4 L.Ed.2d 67 (1959); *Ram v. Paramount Film D. Corp.,* 278 F.2d 191 (4th Cir.1960). The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document—distinct from any

The Supreme Court explained how the amendment resolved the problem in *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (per curiam). In that case the jury returned a verdict for plaintiffs, but failed to set the exact amount of the damages. The verdict was entered on the docket. Subsequently, the parties filed a stipulation with the district court establishing the allocation of damages pursuant to the jury verdict. No formal judgment was entered until some time later. In those circumstances, the Supreme Court held that, in light of the 1963 amendment to Rule 58, it was the entry of the formal judgment and not entry of the earlier verdict that triggered the time for appeal. *Indrelunas*, 411 U.S. at 221, 93 S.Ct. at 1564.

In the context of final judgments, the requirement that the dispositive document be distinct from any opinion serves to eliminate confusion as to which order ends the litigation. *See Bankers Trust Co.*, 435 U.S. at 384, 98 S.Ct. at 1119 ("sole purpose of the separate-document requirement ... [is] to clarify when the time for appeal ... begins to run"). No comparable risk of confusion exists with respect to an order denying a motion for new trial where the order is properly entered on the docket sheet.

In this case, as is generally the case in the Rule 59 context, the order denying the motion for new trial definitively signaled the end of the litigation.[8] *See Beaudry Motor Co.*, 780 F.2d at 755 (Rule 58 separate document requirement satisfied when order denying Rule 59 motion clearly put counsel on notice that motion was denied). The order in this case was entered on the docket as an order denying the motion in compliance with Rule 79(a) and it was prop-

erly served on the parties in compliance with Rule 77(d). Accordingly, the "entry" complied with all of the requirements of the Federal Rules of Civil Procedure and it was not necessary for the district court to file and enter a second document. Rather, appellant's time to appeal ran from the date of entry of the order denying the motion for new trial on the docket.[9] The second notice of appeal, filed over a year later, was untimely.

■ Appellant asserts that even if both her notices of appeal were untimely filed, this court still has jurisdiction to consider her appeal. She argues that her motion to this court for a stay pending appeal, which was filed within 30 days of entry of the order denying the motion for new trial, should be construed as a timely notice of appeal. In some cases we have applied a lenient standard to documents not denominated as notices of appeal. *Rabin v. Cohen*, 570 F.2d 864, 866 (9th Cir.1978) (two-judge panel). Appellant's argument that we should apply this standard in this case, however, is effectively foreclosed by our recent decision in *Munden v. Ultra–Alaska Assocs.*, 849 F.2d 383, 387–88 (9th Cir.1988). In *Munden* we held that the more lenient standard does not apply to cases in which a party is represented by an attorney, absent extraordinary circumstances. We said:

> However, when employing this more lenient standard, we have generally been faced with an appellant not represented by counsel, a situation where life or liberty is at stake, or "when the interests of substantive justice require it [ ] to disregard irregularities in the form or procedure for filing a notice of appeal." We will not extend any leniency that is not demanded by these cases to one where the party is represented by an attorney.

opinion or memorandum—which provides the basis for the entry of judgment.

**8.** Appellant relies on *RR Village Ass'n, Inc. v. Denver Sewer Corp.*, 826 F.2d 1197 (2d Cir. 1987). That case is not on point because there the district court *granted* the Rule 59(e) motion and subsequently entered a new judgment. The court simply held that, under those circumstances, the time to appeal ran from entry of the new judgment, not from the order granting the

Rule 59(e) motion. 826 F.2d at 1200–01. We agree.

**9.** The Supreme Court in *Acosta* appears to have adopted this approach. There the Court stated that the time to appeal ran from the date of entry on the docket of the order denying the motion to alter or amend judgment. *Acosta*, 478 U.S. at 254, 106 S.Ct. at 2877. The Court did not appear to anticipate entry of a second document.

Moreover, "[a] liberal construction of Rule (3)(a) cannot be allowed to nullify the plain provision of rule 4(a)(4) that a premature notice of appeal 'shall have no effect.' "

849 F.2d at 387–88 (citations omitted).

Appellant here was represented by counsel throughout these proceedings and, although we sympathize, we cannot characterize her case as extraordinary. Accordingly, we refuse to construe the motion for a stay as an effective notice of appeal.

The appeals are DISMISSED.