955 F.2d 47
 121 Lab.Cas. P 56,823, 7 IER Cases 352
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis FORTMAN, Plaintiff-Appellant,
v.
DECKER COAL COMPANY, and Cobre Tire, Defendants-Appellees.
 No. 91-35015.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1991.
Feb. 20, 1992.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dennis Fortman appeals the district court's grant of summary judgment in favor of Decker Coal Company ("Decker") and Cobre Tire ("Cobre"). Fortman brought this action alleging he was wrongfully terminated by Cobre and that Decker interfered with his employment contract. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I. Timely Notice of Appeal
 
 3
 As a preliminary matter, we must determine whether Fortman filed a timely notice of appeal from the entry of summary judgment. On June 14, 1989, the district court entered summary judgment in favor of both defendants. Fortman moved for reconsideration on June 28, 1989. The court denied the motion on October 5, 1990. On November 5, 1990, Fortman filed a notice of appeal from both the June 14, 1989 judgment and the October 5, 1990 order.
 
 
 4
 To be timely, normally the notice of appeal from a judgment in a civil action must be filed within 30 days after the entry of that judgment. Fed.R.App.Pro. 4(a)(4). If, however, a timely motion under Fed.R.Civ.Pro. 59(e) to alter or amend the judgment is filed by one of the parties, the time for appeal shall run from the entry of the order denying such motion. See Fed.R.App.Pro. 4(a)(4); Hollywood v. City of Santa Maria, 886 F.2d 1228, 1230 (9th Cir.1989).
 
 
 5
 In determining whether a post-judgment motion is brought under Rule 59(e) or 60(b), "nomenclature is not controlling." Munden v. Ultra-Alaska Assoc., 849 F.2d 383, 386 (9th Cir.1988) (citation and internal quotation omitted). We must look at the substance of the requested relief to determine whether the relief is potentially available under Rule 59(e). See id. A motion for reconsideration filed within ten days of the judgment may be brought under Rule 59(e), even though it does not expressly invoke Rule 59. Id. at 387. Moreover, "[a] motion for reconsideration of summary judgment is appropriately brought under Rule 59(e)." Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 6
 Here, following the district court's entry of summary judgment, and within the 10 day requirement of Rule 59(e), Fortman filed a motion entitled "Motion For Reconsideration Rule 56(e) and Rule 60(b) Federal Rules Of Civil Procedure." The complete motion provided:
 
 
 7
 COMES NOW the Plaintiff and moves this Court for reconsideration of its Memorandum Opinion dated June 14, 1989, upon the grounds and for the reason that this Court has [ ] made a clear error of law and fact in its decision. Plaintiff's Brief in Support of his Motion to be submitted within five (5) days will further explain Plaintiff's position.
 
 
 8
 We conclude Fortman's post-judgment motion is a Rule 59(e) motion to alter or amend the judgment as it sought a substantive change in the district court's decision and was filed within 10 days from the entry of judgment.
 
 II. Cobre's Motion for Summary Judgment
 
 9
 Fortman contends questions of material fact exist as to whether he was wrongfully discharged by Cobre. He argues that Montana law prohibited Cobre from terminating him except for "good cause." According to Fortman, there are disputed factual issues concerning whether Cobre had "good cause" for the discharge.
 
 
 10
 Under Montana law, a discharge is wrongful only if "the discharge was not for good cause and the employee had completed the employer's probationary period of employment." Mont.Code Ann. § 39-2-904(2). By statute, "good cause" is defined as "reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason." Id. at § 39-2-903(5).
 
 
 11
 "A legitimate business reason is a reason that is neither false, whimsical, arbitrary or capricious, and it must have some logical relationship to the needs of the business." Buck v. Billings Montana Chevrolet, Inc., 811 P.2d 537, 540 (Mont.1991). Economic considerations constitute legitimate business reasons for discharge. Cecil v. Cardinal Drilling Co., 797 P.2d 232, 234 (Mont.1990).
 
 
 12
 It is undisputed that Fortman violated Decker's Property Issuance Policy when he removed o-rings from the mine site without a property issuance slip. Because of this violation, Decker prohibited Fortman from returning to the mine site, and informed Cobre of its decision. In his brief, Fortman readily acknowledged that he was hired "specifically to perform contract work for Cobre Tire at the Decker mine site." Additionally, he conceded that his permanent removal from the site "increase[d] the burden of his employment to Cobre Tire...."
 
 
 13
 We agree with the district court's conclusion that "[w]here an employee has violated a rule or policy which results in him being unable to perform his duties, the employer has a legitimate business reason for dismissing the employee." Whether Decker was fully justified in excluding Fortman from the mine site is immaterial to the determination of whether Cobre had "good cause" to terminate Fortman. Fortman knowingly violated Decker's policy and was prohibited from returning to the site. Without being able to return to the mine site, it was impossible for Fortman to perform the duties for which he was hired. Under the circumstances, Cobre had a legitimate business reason, and thus good cause, for the discharge. Summary judgment was appropriate.
 
 III. Decker's Motion for Summary Judgment
 
 14
 Fortman contends questions of material fact exist as to whether Decker intentionally interfered with Fortman's employment relationship with Cobre. Specifically, Fortman argues the factual issues in dispute are: 1) whether Decker "calculated" or intended to cause damage to Fortman; and 2) whether Decker caused damage to Fortman without right or justification.
 
 
 15
 To overcome Decker's motion for summary judgment on the question of interference with contract, Fortman was required to show the acts: 1) were intentional and willful, 2) were calculated to cause damage to Fortman, 3) were done with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of Decker, and 4) resulted in actual damage and loss. Peterson v. J.R. Simplot Co., 778 P.2d 879, 884 (Mont.1989).
 
 
 16
 There is no evidence to establish that Decker acted intentionally in a manner calculated to cause Fortman damage. In his deposition, Fortman acknowledged he had no evidence to show that Decker pressured Cobre to discharge him. Also, Cobre readily admits that Decker did not ask or advise them to terminate Fortman. Additionally, we conclude that Decker was justified in excluding Fortman from the mine site. Decker had a clearly established policy that Fortman knowingly violated. Fortman failed to present any credible evidence that Decker's decision to exclude him from the site was done with the unlawful purpose of causing damage, without right or justifiable cause.
 
 
 17
 Fortman failed to present evidence to establish the existence of all essential elements of his claim. Accordingly, the district court properly granted Decker's motion for summary judgment. The district court's order granting both motions for summary judgment is affirmed.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3