2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY, located at 1836 West Florence Avenue, Los
Angeles, California, Defendant;
Lois Elaine AUSTIN, Claimant-Appellant.
 
 No. 92-55104.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1993.*
Decided Aug. 2, 1993.
 Before GIBSON,** HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 This appeal challenges the forfeiture of a pharmacy where prescription drugs were illegally distributed. Lois Elaine Austin is the primary owner of the pharmacy, and on appeal argues that: 1) the district court should have granted a continuance so that the lawyer of her choice could have tried the case, and 2) there was not probable cause to justify the forfeiture. The government argues that Austin's notice of appeal was not timely, because it was filed before the order denying her motion for new trial was entered. We dismiss for lack of jurisdiction.
 
 
 3
 The government argues that because Austin filed her notice of appeal before the order denying her motion was entered, her notice of appeal was defective.
 
 
 4
 Federal Rule of Appellate Procedure 4(a)(4) governs this situation, and provides that
 
 
 5
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect.
 
 
 6
 Austin did file for a new trial, and the order denying that motion was entered on January 8, 1992. Her notice of appeal was filed one day earlier, January 7, 1992. Thus, by application of the rule, her notice of appeal had no effect, and therefore we lack jurisdiction.[1] Hollywood v. City of Santa Maria, 886 F.2d 1228, 1230 (9th Cir.1989); Ingram v. Acands, 977 F.2d 1332, 1339 (9th Cir.1992).
 
 
 7
 There was a minute order indicating denial of her motion for a new trial filed December 9, and it might seem that that order could be the basis for her notice of appeal. But unlike in Ingram, the minute order in this case was not a properly entered dispositive order, and there was a subsequent order that was properly entered. Under Ingram, the notice of appeal had to be filed after the entry of the January 8 order.
 
 
 8
 The order entered January 8 was filed January 4, three days before Austin's notice of appeal was filed. But what matters is when the order was entered. Fed.R.App.P. 4(a)4; Ingram, 977 F.2d at 1339; Hollywood, 886 F.2d at 1231. We must dismiss for lack of jurisdiction.[2]
 
 
 9
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Her notice of appeal cannot apply to the judgment of forfeiture, since that judgment was entered on November 6, 1991, and January 7, 1991 is more than sixty days from that date. Fed.R.App.P. 4(a)(1)
 
 
 [2]
 While we dismiss Austin's claim for lack of jurisdiction, plainly there was probable cause for the forfeiture, and the judge did not abuse his discretion in denying her motion for a continuance, so the appeal would have failed on the merits anyway