94 F.3d 651
 78 A.F.T.R.2d 96-6200, 96-2 USTC P 50,500
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas H. FOULDS and Helen K. Foulds, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70312.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1996.*
Decided Aug. 15, 1996.
 
 Before: CHOY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayers Thomas and Helen Foulds[1] (the Foulds) appeal the tax court's order imposing penalties for the negligent underpayment of taxes. 26 U.S.C. § 6653(a) (repealed 1989). We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and affirm.
 
 
 3
 The Foulds were among over 3000 taxpayers who participated in straddle transactions operated by First Western Government Securities Inc. (First Western). The details of the investment program were fully explained in the Fifth Circuit decision Freytag v. Commissioner which found the transactions were not bona fide as they were illusory and fictitious; accordingly, the Internal Revenue Service has properly disallowed any losses claimed by investors. Freytag v. Commissioner, 904 F.2d 1011, 1013-17 (5th Cir.1990), aff'd on other grounds, 501 U.S. 868 (1991).
 
 
 4
 Thomas Foulds and Thomas Felker formed a partnership for the purpose of investments. As a result of the partnership's investments in First Western in 1980 and 1981, the Foulds claimed their share of partnership losses on their joint income tax returns.[2] The Commissioner of Internal Revenue (Commissioner) issued a deficiency notice pursuant to these claims, which included interest and an additional penalty for the negligent underpayment of taxes. See 26 U.S.C. §§ 6621(c), 6652(a). The Foulds eventually paid the deficiency and interest, but denied negligence in claiming deductions for their investment losses because they reasonably relied on expert advice. The Tax Court rejected this argument, and upheld the Commissioner's determination of the negligence penalty. This appeal followed.
 
 
 5
 We review the Tax Court's consideration of negligence penalties for clear error. Sacks v. Commissioner, 82 F.3d 918, 920 (9th Cir.1996).
 
 I. Reliance on Professional Advice
 
 6
 Negligence is the lack of due care or the failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991). A negligence penalty is not warranted if the taxpayer is misguided, unsophisticated in tax law, and acts in good faith. Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir.1988). The Foulds have the burden of establishing that their actions were not negligent. Allen, 925 F.2d at 353. The Foulds argue that they relied on the advice of an accountant, John Walsh, and therefore were not negligent. Good faith reliance on a professional is a defense, but a taxpayer is not automatically protected by such reliance. Id. To establish their good faith reliance on a professional, the Foulds must establish the qualifications and purported expertise of Walsh, the nature of the advice given, and their reasonable reliance on that advice. Id. at 354.
 
 
 7
 To establish this defense, the Foulds rely on the meeting Thomas Foulds and Felker attended with Walsh. Thomas Foulds stated that Walsh was an expert in the field of straddles and forward contracts based on his reputation. Walsh testified that he was a certified public accountant with Price Waterhouse, and in his capacity as technical coordinator in securities and commodities he investigated the operations of the New York and San Francisco offices of First Western in 1979. The evidence supports that Walsh was an expert in the area of straddles, and particularly in the First Western program. However, there was no evidence that he had expertise regarding any tax issues of the investment. Therefore, Walsh did not have the qualifications or expertise to give tax advice on the First Western program, although he did possess expertise in the field of straddle investments.
 
 
 8
 The nature of the advice Walsh gave is critical in this case. Thomas Foulds and Felker met with Walsh on only one occasion. Walsh testified that the partners came to "talk to [him] about First Western and some other" possible investment opportunities. Prior to and following the meeting there was no written correspondence, agreements, opinions or invoices between the parties. Further, Thomas Foulds could not recall paying compensation to Walsh, but believes payment was made through the partnership. Given the absence of any exhibits, Walsh's testimony is the only evidence presented to demonstrate the nature of his advice. In response to a question regarding his opinion as to the legitimacy of the program, Walsh stated:
 
 
 9
 I would say what I would tell to Mr. Foulds, as well as to many others that inquired at that particular time, that based on what I have seen--what I'd seen at that time, it appeared that First Western was basically doing what they were saying they were doing, and that there would be some opportunity to make money, and also some opportunity to take advantage of certain tax aspects.
 
 
 10
 Clearly, Walsh could not remember specifically what he told Thomas Foulds and Felker, only what he might have said. "Where no reliable evidence exists in the record suggesting the nature of any advice given, a finding of negligence is not erroneous." Howard v. Commissioner, 931 F.2d 578, 582 (9th Cir.1991). Neither Walsh nor Foulds could remember the advice given, and Walsh is not an expert in tax law, therefore, the finding of negligence is not clearly erroneous.
 
 
 11
 Having found that Walsh is not a tax expert, and the nature of the advice being unknown, this court need not address the element of the Foulds' reliance on Walsh's advice, as any reliance the Foulds placed on Walsh's advice does not preclude a finding of negligence.
 
 II. Reasonable Prudent Person Standard
 
 12
 The Foulds next claim that the Tax Court erred in its analysis of the reasonable prudent person standard. The Tax Court found that given Thomas Foulds background as an attorney, his experience and general knowledge of investments, his education, and the nature of the deductions involved, he should have known the First Western scheme was too good to be true. See Freytag, 904 F.2d at 1017. In reference to this First Western scheme, the Eighth Circuit has found: "If there had been any serious examination of the program 'no reasonable person would have expected ... [the] scheme to work.' " Chakales v. Commissioner, 79 F.3d 726, 729 (8th Cir.1996) (quoting Freytag, 89 T.C. 849, 889 (1987)) (internal quotation omitted). We agree, and affirm the Tax Court's determination that the Foulds should have known that the scheme was "too good to be true." Therefore, the Tax Court's finding of negligence is not clearly erroneous.
 
 III. Felker's Settlement
 
 13
 The Foulds also contend that Felker's settlement with the IRS, which did not require him to pay a negligence penalty, should have been imputed to the Foulds as a partner in the same venture. The Secretary of the Treasury "may compromise any civil ... case arising under the internal revenue laws." 26 U.S.C. 7122. Such compromises, however, lack probative value as the offer may be motivated by desire for peace rather than from any concession of weakness of position, and in the promotion of the public policy favoring the compromise and settlement of disputes. Hudspeth v. Commissioner, 914 F.2d 1207, 1214 (9th Cir.1990) (citing Fed.R.Evid. 408). A party which does not settle its tax liability is not in the same position as one who has; therefore Felker's settlement has no relevance to the issues in this case.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The notice of appeal was signed by only Thomas Foulds appearing pro se on behalf of Helen Foulds and himself. Generally the notice must be personally signed by all parties in a pro se action. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986). However, we construe pro se appeals leniently. Hollywood v. City of Santa Maria, 886 F.2d 1228, 1232 (9th Cir.1989). On October 17, 1993, Helen issued a power of attorney granting Thomas full power to represent her interest in this litigation. The tax returns were filed jointly, and in the interest of substantive justice we disregard this minor irregularity in the form of the notice of appeal. Id. Therefore, we consider both Thomas and Helen to be the appellants in this case
 
 
 [2]
 Thomas and Helen Foulds filed joint returns for the applicable tax years. They reported an alleged tax loss of $63,030.00 from First Western for 1980, and $102,618.00 loss from First Western for 1981