**AEROQUIP CORPORATION,**
Plaintiff—Appellant,

v.

Donald **ADAMS**; Drennon Adams; Thomas Moore; John Brunton; Charles Cartier; Chris Chambers, Defendants—Appellees,

v.

Alaska Rubber & Supply, Inc.; Alaska Interior Rubber & Supply, Inc., Defendants-third-party-plaintiffs—Appellees,

v.

Trinova Corporation, Third-party-defendant—Appellant.

No. 00–36054.

D.C. No. CV–95–00138–JKS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Aug. 21, 2002.

Before B. FLETCHER, ALARCÓN, and GRABER, Circuit Judges.

## MEMORANDUM *

On December 16, 1999, we issued a memorandum disposition in this case holding that the district court had erred in determining that Trinova Corporation ("Trinova") was not a prevailing party as to third-party claims filed by Alaska Rubber & Supply and Alaska Interior Rubber and Supply, Inc. ("Distributors"). We therefore reversed the district court's decision as to Trinova's status as a prevailing party on the Distributors' claims and remanded the case "for an award and calculation of attorneys' fees and costs for Trinova."

### I

On remand, Trinova filed a motion to recover its actual attorneys' fees. In ruling on that motion, the district court found

---

that the Distributors had not engaged in vexatious conduct or exhibited bad faith. Therefore, the district court reasoned, Trinova was not entitled to recover its actual fees. The district court determined, however, that Trinova could recover a portion of its fees, as calculated pursuant to Rule 82 of the Alaska Rules of Civil Procedure. The district court determined that it would award Trinova twenty-percent of its attorneys' fees because Trinova had prevailed against the Distributors at the summary judgment stage. The district court also determined, however, "that fees jointly incurred by Trinova and Aeroquip [who shared the same counsel] would have been expended were Trinova not party to this litigation, [therefore] the Court will only award Trinova the portion of those reasonable fees necessarily incurred exclusively for its case and will make no award for the attorney's fees jointly attributable to Trinova and Aeroquip." The district court then concluded that the record before it was not sufficiently detailed for the court to grant Trinova's request for attorneys' fees. Therefore, the district court denied Trinova the fees "without prejudice to Trinova filing a subsequent motion for partial attorney's fees, to which Trinova must attach declarations establishing which fees, if any, were attributable only to Trinova's case and which would not therefore have been incurred but for Trinova's presence in this case."

Aeroquip and Trinova also filed a joint motion to reduce the attorneys' fees awarded to the Distributors on the third-party claims. They filed the motion because the district court had previously allowed the Distributors to recover fees incurred on the third-party claims as to which Trinova had been declared the prevailing party. The district court denied the motion on the ground that Aeroquip, unlike Trinova, was not a prevailing party.

On June 30, 2000, the district court entered judgment on the merits in favor of Trinova, stating that Trinova "have and recover a judgment, jointly and severally, against [the Distributors] and for *attorney fees to be determined subsequently*." (Emphasis added.) The district court ordered that Trinova file a renewed motion for attorneys' fees on or before July 14, 2000. Trinova sought and was granted an extension to file its renewed motion on July 21, 2000.

On July 21, 2000, Trinova and Aeroquip filed a renewed motion for attorneys' fees and a motion for reconsideration of the district court's June 30, 2000 order setting forth the formula by which Trinova's attorneys' fees would be calculated and denying the motion to reduce fees awarded to the Distributors. Trinova and Aeroquip did not provide a further breakdown of fees because, "[g]iven the nature of the joint claims, Trinova determined that it could not legally or ethically represent that there were any fees or costs that only benefitted Trinova, and so advised the District Court." On August 3, 2000, the district court denied without a hearing the renewed motion for attorneys' fees and the motion for reconsideration of the district court's June 30, 2000 order by stamping its denial on the last page of the motion.

On September 28, 2000, the Distributors filed a motion to lift the stay on the enforcement of the judgments against Aeroquip. On October 13, 2000, Trinova and Aeroquip opposed the motion to lift the stay and moved to vacate the district court's August 3, 2000 order denying Trinova's renewed motion for attorneys' fees and motion for reconsideration of the district court's June 30, 2000 order. In their October 13, 2000 motion, Trinova and Aeroquip explained that they did not receive notice of the district court's August 3, 2000 order until receiving the Distributors' mo-

tion to lift the stay on the enforcement of judgments against Aeroquip. Trinova and Aeroquip also asserted that had they received the August 3, 2000 denial of the motion to reconsider and the denial of the renewed motion for attorneys' fees, they would have timely filed a notice of appeal. Trinova and Aeroquip requested the district court to "vacate its stamped denial of their motion to reconsider and Trinova's renewed motion for attorney's fees" and, if the district court still believed that denial was appropriate, "issue a new minute order to that effect so that Trinova and Aeroquip can timely file a notice of appeal." On November 1, 2000, the district court issued an order granting the Distributors' motion to lift the stay and denying Trinova and Aeroquip's October 13, 2000 motion.

## II

### A.

On November 27, 2000, Trinova and Aeroquip filed their notice of appeal from the district court's November 1, 2000 denial of their October 13, 2000 motion. Because Trinova and Aeroquip did not file a notice of appeal within thirty days of the June 30, 2000 entry of judgment on the merits in favor of Trinova and filed no timely motion to toll the time in which to file a notice of appeal, or a motion to reopen the time to file a notice of appeal, the clerk of this court ordered that "the scope of this appeal is limited to the November 1, 2000 order denying the motion for reconsideration." *See Cel–A–Pak v. Calif. Agric. Labor Relations Bd.,* 680 F.2d 664, 666, 668 (9th Cir.1982) (per curiam).

■ The district court determined in its August 3, 2000 order that Trinova would receive no fees. Therefore, the date of the district court's final order regarding the amount of attorneys' fees to be awarded to Trinova was August 3, 2000. *Cf. Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.,* 873 F.2d 1327, 1329 (9th Cir. 1989) (stating that "[a]n order awarding attorney's fees which does not fully dispose of the issue of attorney's fees is not a final, appealable order").

After having determined that Trinova would receive no fees, however, the district court failed to enter a judgment to that effect pursuant to Rule 58. *See* Fed. R.Civ.P. 58 (stating that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered . . . ."). Because the district court issued its August 3, 2000 order awarding no fees, but no separate judgment, the thirty-day time limit for appeal under Rule 4 of the Federal Rules of Appellate Procedure had not begun to run when Trinova and Aeroquip filed their notice of appeal.

We reach this conclusion even though the district court's August 3, 2000 order appears to have been properly entered on the docket. *Cf. Hollywood v. City of Santa Maria,* 886 F.2d 1228, 1231–32 (9th Cir.1989). In *Hollywood,* we held that, "when a district court properly enters an order on the docket denying a party's Rule 59 motion for a new trial, it is not required to enter a separate document labeled 'judgment' to start the 30–day period for the filing of a notice of appeal." *Webb v. Ada County,* 285 F.3d 829, 836 (9th Cir. 2002) (citing *Hollywood,* 886 F.2d at 1231–32). *Hollywood,* however, involved an appellant who "was properly served with service duly noted on the docket sheet" and then waited more than a year to file her notice of appeal. 886 F.2d at 1231. In the instant case, the district court accepted the representation of counsel for Aeroquip and Trinova that they did *not* receive notice of the court's August 3, 2000 order denying

their renewed motion for attorneys' fees. Aeroquip and Trinova filed their notice of appeal within thirty days of the district court's November 1, 2000 order.

Because Trinova and Aeroquip received no notice of the district court's August 3, 2000 ruling on their renewed motion for attorneys' fees, and no corresponding judgment was entered pursuant to Rule 58 on that order, the instant appeal on the merits regarding the question of attorneys' fees is not barred under *Hollywood* and its progeny. In so ruling, we follow the Supreme Court's instruction that Rule 58, the separate document rule, "should be interpreted to prevent loss of the right to appeal, not to facilitate [it]." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam) (citation and internal quotation marks omitted) (holding that the court of appeals had appellate jurisdiction to consider the merits of the appeal even though a separate judgment had not been entered). Therefore, we conclude that we may review the district court's August 3, 2000 determination that the amount of fees Trinova recovers is zero. We review the district court's fee award for abuse of discretion and will not disturb the award unless it appears to have been "manifestly unreasonable." *Palfy v. Rice*, 473 P.2d 606, 613 (Alaska 1970).

■ The district court failed to follow the law of the case. Its failure to award fees was an abuse of discretion and manifestly unreasonable in light of our mandate to award fees. "When a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir.1995). "[T]his court has held that a mandate is controlling as to all matters within its compass, while leaving any issue not expressly or impliedly disposed of on appeal available for consideration by the trial court on remand." *Id.* (alteration in original) (citation and internal quotation marks omitted). On remand, the district court was required to calculate and award fees to Trinova. It did not.

Our mandate that fees be calculated and awarded to Trinova is in accordance with Alaska Rule of Civil Procedure 82:

> In cases in which the prevailing party recovers no money judgment, *the court shall award the prevailing party* in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred and *shall award the prevailing party* in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred.

Alaska R. Civ. P. 82(2) (2001) (emphasis added); *see also id.* publisher's note (stating that, effective 1994, Rule 82 was amended "by requiring the court to award a specified level of attorney fees without consideration of who prevails in the entire action even if the entitled party is not ultimately the prevailing party in the action"). Therefore, while "the matter of awarding attorney's fees is committed to the discretion of the trial court," *Palfy*, 473 P.2d at 613, Rule 82 clearly requires that the district court award at least "20 percent of [Trinova's] actual attorney's fees which were necessarily incurred" because the claims against Trinova were resolved on summary judgment, *see* Alaska R. Civ. P. 82(2).

Therefore we must vacate the district court's August 3, 2000 order as to the amount of attorneys' fees to be awarded to Trinova. On remand, the district court shall calculate the amount of fees incurred by Trinova and shall award no less than half of twenty-percent (or one-tenth) of the

actual attorneys' fees necessarily incurred by Trinova and Aeroquip in litigating common issues.

### B.

■ Trinova and Aeroquip's second contention on appeal is that the district court erred by not reducing the fees awarded to the Distributors. The district court denied Trinova and Aeroquip's motion to reduce fees awarded to the Distributors in its June 30, 2000 order. It indicated in its order, entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that all claims, other than the amount of attorneys' fees to be awarded to Trinova, were resolved. The district court later denied reconsideration of its ruling on the motion to reduce fees awarded to the Distributors in its August 3, 2000 and November 1, 2000 orders. This court's review of this issue, therefore, is limited to the district court's denial of reconsideration. We review for abuse of discretion a district court's order denying a motion for reconsideration. *Cel–A–Pak*, 680 F.2d at 668. We may affirm on any ground supported by the record. *United States v. Washington*, 969 F.2d 752, 755 (9th Cir.1992).

Trinova and Aeroquip did not specify in their October 13, 2000 motion whether they were seeking reconsideration of the motion to reduce the fees awarded to the Distributors pursuant to Rule 59(e) or Rule 60(b). A motion for reconsideration pursuant to 59(e) must be filed within ten days of the entry of judgment. Trinova and Aeroquip's motions for reconsideration of the motion to reduce the fees awarded to the Distributors, filed July 21, 2000, and October 13, 2000, were not filed within ten days of the district court's June 30, 2000 entry of judgment or the August 3, 2000 order. We must therefore consider whether the October 13, 2000 motion was proper under Rule 60(b).

Rule 60(b) provides that, on a motion, a district court may relieve a party from a judgment or order on six grounds: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, ...; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Rule 60(b)(6) relief is appropriate only in "extraordinary circumstances." *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir.1996). "Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir.1993).

Trinova and Aeroquip stated in their October 13, 2000 motion that they were filing the motion because they did not receive notice that on August 3, 2000, the district court had denied their July 21, 2000 renewed motion for attorneys fees and the motion for reconsideration of the denial of their motion to reduce the Distributors' fees. Trinova and Aeroquip did not demonstrate, however, why they were entitled to Rule 60(b) relief on the merits of their renewed motion for reconsideration. Similarly, in their July 21, 2000 motion, Trinova and Aeroquip did not allege facts that would justify reconsideration of the June 30, 2000 order under Rule 60(b).

Trinova and Aeroquip have failed to point to any mistake, inadvertence, excusable neglect, newly discovered evidence, or extraordinary circumstances that prevented them from seeking earlier, more timely relief from the district court's June 30, 2000 order and judgment.

## III

We VACATE the district court's August 3, 2000 order as to the amount of attorneys' fees awarded to Trinova and REMAND with instructions to the district court to calculate and award fees to Trinova, and in no case shall the award be less than half of twenty percent (or one-tenth) of the actual attorneys' fees which were necessarily incurred by Trinova and Aeroquip in litigating common issues.

We AFFIRM the district court's November 1, 2000 denial of Trinova and Aeroquip's October 13, 2000 motion to reconsider the denial of the motion to reduce fees awarded to the Distributors.

The parties shall bear their own costs on appeal.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.