**AMERICAN SAMOA GOVERNMENT and BRENNAN ISAAKO**
**for AASU and AOLOAU CATHOLIC CHOIR, Plaintiffs,**

**v.**

**NTV ELECTRONICS, MANAGER NING TAN,**
**KENNY AND HELEN YOUNG, and PROGRESSIVE INSURANCE**
**COMPANY, Defendants.**

---

**NTV ELECTRONICS and MANAGER NING TAN,**
**Cross-Claimants/Cross-Defendants,**

**v.**

**OXFORD/PROGRESSIVE GROUP, et al.,**
**Cross-Defendants/Cross-Claimants.**

---

High Court of American Samoa
Trial Division

CA No. 74-00

December 24, 2002

Before RICHMOND, Associate Justice, and LOGOAI, Chief Associate Judge.

Counsel: For Cross-Claimants NTV Electronics and Manager Ning Tan, Paul F. Miller
For Cross-Defendants Oxford/Progressive Group, Roy J.D. Hall, Jr.

### ORDER DISMISSING MOTION FOR RECONSIDERATION

On March 18, 2002, this court issued its opinion and order in favor of cross-claimants NTV Electronics and Manger Ning Tan ("cross-claimants"). On September 16, 2002, we granted the motion for reconsideration by cross-defendant Oxford/Progressive Group ("Progressive"), and ordered entry of judgment in Progressive's favor. Cross-claimants filed a motion for reconsideration with respect to that second decision on September 30, 2002, 14 days after the new judgment had been entered. Progressive now moves to dismiss that motion because it was filed more than 10 days after the judgment was announced. A.S.C.A. § 43.0802. We agree.

### Discussion

Cross-claimants argue in opposition to the motion to dismiss that in making our decision of September 16, we did not set forth the judgment in a separate document as required by T.C.R.C.P. 58.[1] They argue that therefore the time to file their motion did not begin to toll; indeed, under their theory, it has yet to start. Furthermore, they assert that the judgment did not conform with the requirements of T.C.R.C.P. 54(a).[2] The scope of these requirements are issues of first impression.

Under Fed. R. Civ. P. 58, on which our Rule 58 is based, the Supreme Court has said the separate-document requirement must be "mechanically

---

[1] Rule 58 states in part, "Every judgment shall be set forth on *a separate document*. A judgment is effective only when so set forth and when entered as provided in 23 HCR." (emphasis added)

[2] Rule 54(a) states, "Definition; Form. 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment shall not contain a recital of pleadings or the record of prior proceedings."

applied." *United States v. Indrelunas*, 411 U.S. 216, 221-222 (1973). Yet the Supreme Court and various federal courts of appeal have retreated somewhat from such a strict application. *See, e.g., Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386-388 (1978) (separate document not needed when parties waive the requirement); *Hollywood v. Santa Maria*, 886 F.2d. 1228, 1231-32 (9th Cir. 1989) (separate document not needed for order *denying* motion for new trial); *United States v. Clearfield State Bank*, 497 F.2d 256, 258-59 (10th Cir. 1974) (separate document only necessary when uncertain whether final judgment has entered). The softening of this requirement is justified as long as the result ensures that the purpose of the rule is effectuated: "to eliminate uncertainty as to whether and when a judgment has been rendered and entered." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2781 (2d ed. 1995); *see also* Fed. R. Civ. P. Rule 58 (advisory committee's note to 1963 Amendment).

■ While T.C.R.C.P. 58 is virtually identical to the federal equivalent, "this court is not bound to interpret its own rules in conformity with every judicial gloss that has been written on the federal rules[.]" *Wray v. Wray*, 5 A.S.R.2d 34, 45 (Trial Div. 1987). This is especially so since, at the federal level, Congress promulgates the rules whereas in American Samoa, the High Court "makes its own rules." *Am. Samoa Gov't v. Jue*, 8 A.S.R.2d 120, 123 (Trial Div. 1988). Thus, the problem sometimes arises where "verbatim importation" of the federal rules is "inappropriate or impossible." *Am. Samoa Gov't v. Falefatu*, 17 A.S.R.2d 114, 120 (Trial Div. 1990). This being one of those situations, we will follow the spirit, and not the letter, of the federal rules.

■ The problems that plagued the federal system are not, and never were, problems in American Samoa. For some time, it has been the common practice of this court to consider its orders—which often contain a recitation of the facts, procedural history, and legal reasoning—as judgments. The clerk stamps a date on the order, which is then entered in the docket. It is the ordinary understanding among those who practice law here that our order is the judgment for purposes of filing all post-judgment motions. If we were to accept cross-claimants' argument, then every case denying post-judgment relief because the motion was untimely filed would have been wrongly decided. Such a result is absurd.

■ The most striking example of the non-application of the separate document requirement can be found in *Judicial Memorandum No. 2-87*, 4 A.S.R.2d 172, 173 (1987). There, Chief Justice Rees, joined by then Associate Justice Kruse, declared that even though a judgment must be in writing to be effective (citing T.C.R.C.P. 58), under H.C.R. 23, the date

of entry of the judgment for all purposes, including filing a post-judgment motion, is the day a written judgment is filed or an oral judgment is pronounced from the bench, whether or not the clerk dockets the result. *Id.* at 173-74. This judicial declaration reconciled the procedural requirements under H.C.R. 23 and A.S.C.A. § 43.0802 for filing a new trial motion within 10 days after a judgment is announced. Thus, the new trial motion and appellate deadlines may begin to run despite the fact that no written judgment has issued, let alone a separate one.

We acknowledge that, from time to time, we may issue a judgment on a separate document. In those cases, we make it clear in our order that a judgment will enter separately. In that limited situation, the time to move for a new trial and to appeal does begin to run when that separate document is entered into the docket. Otherwise, we usually declare that judgment will enter as set out in the order. This is how the order on the first motion for reconsideration was styled in this case.

The order entered on September 16, 2002, as the judgment in this action reads:

> We grant Progressive's motion for reconsideration, set aside the judgment in favor of NTV and Tan, and reverse our original decision. NTV and Tan take nothing against Progressive. A new judgment shall enter accordingly.

The wording of the written judgment set forth in this order is unequivocal. It satisfied any legitimate concerns about the certainty of whether and when the judgment was issued and entered. The judgment was clearly announced for the procedural filing purposes of post-trial motions. Therefore, the time for filing a motion for reconsideration or a new trial began to run the day the judgment in the order was entered, and the deadline expired well before cross-claimants filed their motion.

Finally, T.C.R.C.P. 58 is to be read in conjunction with T.C.R.C.P. 54(a). For the same reasons we hold Rule 58 inapplicable in this case, we hold cross-complainants' reference to Rule 54(a) unpersuasive. Rule 54, like Rule 58, is intended to clarify whether and when a judgment has entered. Because, however, local practice differs from the federal level, we will also not needlessly incorporate the strict requirements of Rule 54(a). We further note that the judgment paragraph contained in the order of September 16, 2002, does not recite any pleadings, but of necessity refers to prior proceedings. It stands alone from the discussion of the issues and, as a practical matter, does not of itself violate the spirit of Rule 54(a)—or Rule 58. *Cf. Dev. Bank of Am. Samoa v. Ilalio,* 5 A.S.R.2d 110, 112-113 (Trial Div. 1987) (Opinion which was divided

into sentences, paragraphs, and general areas of discussion was sufficient to conform with T.C.R.C.P. 52 which requires findings of facts to be stated separately from legal conclusions).

## Order

Cross-claimants' motion for reconsideration is dismissed.

It is so ordered.