*275 MEMORANDUM **
Maxitile, Inc. appeals the district court’s reversal of the bankruptcy court’s contempt order against Jiming Sun. We have jurisdiction pursuant to 28 U.S.C. §§ 158, 1291. We affirm.
The district court correctly found that Sun’s notice of appeal was timely, because the contempt order entered by the bankruptcy court did not constitute a separate final judgment, as required under Fed.R.Civ.P. 58, made applicable to bankruptcy courts by Fed. R. Bankr.P. 9021. To comply with Rule 58, “[a] sheet containing the judgment, usually prepared by the clerk, must be ‘distinct from any opinion or memorandum.’ ” Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989) (quoting Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987)). Here, the contempt order contained sufficient discussion of facts and reasoning such that it was an opinion or memorandum, and thus it cannot be considered a separate final judgment which starts the clock for the filing of an appeal. See Mitchell v. Idaho, 814 F.2d 1404, 1405 (9th Cir.1987); cf. United States v. Schimmels (In re Schimmels), 85 F.3d 416, 421-22, 422 (9th Cir.1996) (holding that “a brief order that gives no detailed explanations and does not contain an opinion or memorandum” is a separate judgment).
Hollywood v. City of Santa Maria, 886 F.2d 1228 (9th Cir.1989), is not controlling here. Hollywood recognized that “with respect to a final judgment, ... the separate entry rule requires entry of a document distinct from any opinion or memorandum,” but that there was no need “to extend this judgment rule to orders denying Rule 59 motions.” Id. at 1231. Sun appeals here from a final judgment, not from the denial of a Rule 59 motion, making Hollywood inapplicable. See id. at 1232 (“In the context of final judgments, the requirement that the dispositive document be distinct from any opinion serves to eliminate confusion as to which order ends the litigation. No comparable risk ... exists with respect to an order denying a motion for new trial where the order is properly entered on the docket sheet.”) (internal citation omitted); see also id. at 1231 n. 6 (noting that Hollywood’s plaintiff “is not attempting to appeal from the order denying the motion for a new trial, but rather from the underlying judgment”); cf. Webb v. Ada County, 285 F.3d 829, 836 (9th Cir.2002) (distinguishing Hollywood where a Rule 59 motion was partially granted and the district court requested parties to submit a new amended final judgment).
The district court also correctly concluded that Maxitile’s confirmed Plan of Reorganization was ambiguous as to whether the bankruptcy court’s injunction reached claims made against Mexalit Industrial S.A. de C.V. Although Industrial’s funding role is mentioned in the Plan, the Plan consistently defines the claims to be released as those against Maxitile alone. The injunction, both as described by the Plan and as detailed in the bankruptcy court’s confirmation order, prohibits actions brought “against the Debtor, the Reorganized Debtor or their property” and actions based on released liabilities. The Plan and confirmation order both suggest that the subject liabilities are only those which run against Maxitile, a view the Disclosure Statement does not dispel. Because Maxitile’s confirmed Plan is at best ambiguous on the question of whether ac *276 tions against third parties are enjoined, that aspect of the Plan is not isolated from review in the current action by res judicata. See Miller v. United States, 363 F.3d 999, 1004 (9th Cir.2004) (“If indeed [a plan provision] is deemed to have been ambiguous, then the principles of res judicata do not operate to bar the [creditor] from asserting its position.”); cf. Enewally v. Washington Mut. Bank (In re Enewally), 368 F.3d 1165, 1172-73 (9th Cir.2004) (“[I]n the unique bankruptcy context, ‘the principle of res judicata should be invoked only after careful inquiry because it blocks unexplored paths that may lead to truth ....”’ (quoting Latman v. Burdette, 366 F.3d 774, 784 (9th Cir.2004)) (ellipsis in original)); Unsecured Creditors’ Comm. of Robert L. Helms Constr. & Dev. Co. v. Southmark Corp. (In re Robert L. Helms Constr. & Dev. Co.), 139 F.3d 702, 704 & n. 3, 706 & n. 12 (9th Cir.1998) (en banc).
Without the protection of res judicata, the type of injunction Maxitile seeks to ascribe to its Plan cannot stand. “This court has repeatedly held, without exception, that [11 U.S.C.] § 524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors.” Resorts Int’l, Inc. v. Lowenschuss (In re Lowenschuss), 67 F.3d 1394, 1401 (9th Cir.1995). Despite the label Maxitile suggests, to give this injunction the effect Maxitile urges would allow it to operate functionally as a discharge of Industrial’s potential liability on Sun’s misrepresentation-rooted state law claims — an impermissible discharge of a nondebtor’s liabilities. See Am. Hardwoods, Inc. v. Deutsche Credit Corp. (In re Am. Hardwoods, Inc.), 885 F.2d 621, 626-27 (9th Cir.1989).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.