145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert WEBB; Terry Sterkenburg; Timothy Driscoll; Kent
Hall; Frank Wallmuller; Russell Howard; Robert Friedly;
Peggy Knox; Bill Lohr; Jesse Fuller; individually, and
for all other persons similarly situated, Plaintiffs-Appellants,
v.
Ada County, State of Idaho; Vaughn Killeen, individually,
and in his capacity as Sheriff of Ada County; Gary Glenn;
Vern Bisterfelt; and Rogers Simmons, Ada County
Commissioners each sued in his or her official capacities;
Richard Vernon, individually and in his capacity as director
of the Idaho Department of Corrections; and their
successors in office; Defendants-Appellees.
 No. 97-35008.
D.C. No. CV-91-00204-S-EJL.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1998.
Decided May 15, 1998.
 
 Appeal from the United States District Court for the District of Idaho Edward J. Lodge, District Judge, Presiding.
 Before BROWNING, WRIGHT and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In 1991, Robert Webb and other inmates filed a class action complaint under 42 U.S.C. § 1983. They challenged conditions of confinement in the Ada County Jail (ACJ) in Boise, Idaho, seeking declaratory and injunctive relief. The court granted partial summary judgment in their favor in 1993, finding that the ACJ was overcrowded in violation of constitutional standards. It imposed a population cap and stated that other conditions of confinement problems might be alleviated in full or in part by the population reduction. Subsequently, the jail was remodeled and new housing dormitories were built.
 
 
 3
 In 1995, the court entered the parties' Partial Consent Decree which resolved some of the remaining issues. The parties stipulated that six issues remained before the court. A magistrate judge held a ten-day evidentiary hearing on these issues and issued a 179-page Report and Recommendation. He recommended that the defendants make specified changes in providing special medical diets and take specified actions to update the law library.
 
 
 4
 He recommended denying plaintiffs relief on the remaining issues, concluding that jail staffing and defendants' plan to reduce staffing were constitutional, that defendants were not deliberately indifferent to prisoners' medical needs and that ACJ's medical care and mental health delivery programs met constitutional standards. The district judge adopted the Report and Recommendation in its entirety.
 
 
 5
 Webb appeals on four bases. First, he alleges that the district court did not conduct a proper de novo review of the magistrate judge's findings to which he objected. Second, he argues that the court abused its discretion by refusing to admit into evidence reports of violence and attempted suicides in the jail. Third, he complains that the court did not correctly interpret and apply the deliberate indifference standard to medical care issues. Finally, he concludes that the court erred in holding that jail staffing could be reduced as proposed by defendants without violating constitutional standards.
 
 STANDARD OF REVIEW:
 
 6
 This court cannot set aside findings of fact, whether based on oral or documentary evidence, unless they are clearly erroneous. Fed.R.Civ.P. 52(a).
 
 
 7
 "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." ... Rule 52(a) requires deference to the district court's findings of fact not just because the district court is in a better position to evaluate the facts but also in the interests of conserving judicial resources and the resources of the parties.
 
 
 8
 Service Employees Int'l Union v. Fair Political Practices Comm'n, 955 F.2d 1312, 1317 n. 7 (9th Cir.1992) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).
 
 
 9
 This court reviews de novo mixed questions of law and fact on constitutional questions. United States v. City of Spokane, 918 F.2d 84, 86 (9th Cir.1990).
 
 ANALYSIS:
 
 10
 I De Novo Review of the Report and Recommendation
 
 
 11
 The district court must review de novo those portions of a magistrate judge's Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1). "[A] threshold requirement for a de novo determination is that the district court review a tape recording or a transcript of the relevant portions of the proceedings before the magistrate [judge]." United States v. Remsing, 874 F.2d 614, 618 (9th Cir.1989). The court must consider actual testimony, not merely the Report and Recommendation. Id. It may accept, reject, or modify the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1).
 
 
 12
 Webb argues that the district court failed to review de novo the findings and recommendations to which he objected. He alleges that the review was deficient because the court did not order witness transcripts, make additional findings, identify parts of the record which were reviewed, or refer to exhibits or testimony.
 
 
 13
 The district court's 26-page order adopting the Report and Recommendation states specifically that the court considered Webb's objections and "conducted the requisite de novo review of the record, including exhibits and testimony." The court denied Webb's motion for a complete transcript of the evidentiary hearing, finding that the transcript was not necessary for a de novo review. Rather, the court "reviewed the relevant tapes of the hearing to the extent it believed such testimony was necessary in order ... to rule upon the objections." It also denied Webb's motion for additional and specific findings of fact as to medical care, concluding that the magistrate judge's decision to make written findings on a representative sample of the medical files he reviewed was appropriate and sufficient. The district court stated that it "reviewed the files as well as the specific objections to certain medical files noted by the plaintiffs in their objections." It adopted the Report and Recommendation, stating that the findings and recommendations were supported by the record and the applicable law.
 
 
 14
 No evidence refutes the court's account of its review. We conclude that it conducted the requisite de novo review.
 
 II Admission of Evidence
 
 15
 Webb lists failure to admit certain evidence as an issue on appeal, but does not brief the issue or offer legal support. This court deems an argument waived when the appellant fails to provide legal support. United States v. Barnes, 125 F.3d 1287, 1293 (9th Cir.1997). We decline to consider the waived issue.
 
 III Deliberate Indifference Standard
 
 16
 When an inmate alleges that officials failed to attend to serious medical needs in violation of the Eighth Amendment, the appropriate inquiry is whether the officials exhibited "deliberate indifference" to serious medical needs. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997). This indifference may be manifested by denial, delay or intentional interference with medical treatment, or by the manner in which medical care is provided. Id.
 
 
 17
 To determine whether medical care was deliberately indifferent, the court must examine both the seriousness of the medical need and the response to that need. Id. A medical need is "serious" if "the failure to treat [the] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain ." ' Id. (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).
 
 
 18
 To find deliberate indifference, the court must find that defendants purposefully ignored or failed to respond to a serious medical need. Id. at 1060. Mere negligence in diagnosing or treating a medical condition does not violate a prisoner's Eighth Amendment rights. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988).
 
 
 19
 Deliberate indifference may also be found when a medical care program is so deficient that it constitutes an unconstitutional condition of confinement. See Cabrales v. County of Los Angeles, 864 F.2d 1454, 1460 (9th Cir.1988), vacated and remanded, 490 U.S. 1087, 109 S.Ct. 2425, 104 L.Ed.2d 982, reinstated, 886 F.2d 235 (9th Cir.1989), and cert. denied, 494 U.S. 1091, 110 S.Ct. 1838, 108 L.Ed.2d 966 (1990).
 
 
 20
 The court examined individual cases to determine if any evidenced deliberate indifference in delivery of medical care to inmates, and also examined the ACJ medical delivery program as a whole to determine if the defendants' acts or omissions created a policy reflecting deliberate indifference in treating inmates with serious medical needs. After ten days of testimony at the evidentiary hearing and after review of all individual cases submitted, the court concluded that, despite differences in expert opinions as to responses to medical complaints, none of the individual cases established deliberate indifference to a serious medical condition.
 
 
 21
 The court also reviewed the medical care delivery program, including the number, qualifications, competency, and supervision of medical staff; accessibility to staff; and ACJ policies and practices regarding screening, assessment, sick call, prescription medications, emergency care, mental health care, restraints, record keeping, and special diets. It noted that some standards may be different at a county jail than at a state prison because most jail inmates stay only a short time. Eighty percent of ACJ inmates are released within 10 days. The court identified room for improvement, isolated mistakes and questionable exercises of judgment in some areas of medical care, but concluded that in all these areas except special diets, ACJ's provision of medical services did not violate the Eighth Amendment.[1]
 
 
 22
 Webb argues that although the adopted Report and Recommendation correctly indicates that the McGuckin standard controls, that standard was misinterpreted and misapplied in this case. He argues that the court erred by requiring him to prove a "complete failure" to treat or that treatment "actually caused harm" to show deliberate indifference to the needs of inmates.
 
 
 23
 We disagree. The Report and Recommendation and the order adopting it indicate that the court applied the McGuckin standard and other relevant case law in determining whether the facts it found constituted deliberate indifference. The court did not find, nor do we, that medical care at ACJ was above reproach. It properly held, however, that the facts did not establish constitutional violations (except in the provision of special diets).
 
 IV Staffing
 
 24
 Webb argued in district court that proposed staffing reductions at the ACJ would result in inadequate supervision of inmates that would deny them reasonable safety and therefore would constitute cruel and unusual punishment.
 
 
 25
 The court held that Webb failed to establish that the proposed staffing change would necessarily lead to unconstitutional conditions of confinement. It found that the ACJ has a system of security checks and a sophisticated video monitoring system that might adequately ensure personal safety of the inmates. The court was concerned with the ACJ's proposal to reduce visual observation of housing pods at night, but noted that the court should not micro-manage the facility. It stated that the pods hold the lowest security classification of prisoners, but that defendants might nevertheless recognize the wisdom of providing observation day and night.
 
 
 26
 On appeal, Webb argues that the court ordered staff reductions. He misconstrues the holding. The court held only that he had not proved that proposed staffing reductions would necessarily result in unconstitutional conditions of confinement.
 
 
 27
 The evidence does not indicate that the court's finding that ACJ security systems might adequately ensure inmate safety even if staffing is reduced is clearly erroneous. We conclude after de novo review that the conditions found by the court would not necessarily deny inmates reasonable safety and therefore would not necessarily constitute cruel and unusual punishment.
 
 V Attorney Fees
 
 28
 Defendants request attorney fees under 42 U.S.C. § 1988. This court stated:
 
 
 29
 Authorization for attorney's fees under § 1988 is different for prevailing defendants in a civil rights action than for prevailing plaintiffs. A prevailing defendant is awarded attorneys' fees only where the action is found to be "unreasonable, frivolous, meritless or vexatious." An appeal is considered frivolous when the result is obvious or the appellant's arguments of error are wholly without merit.
 
 
 30
 Legal Services of N. Cal., Inc. v. Arnett, 114 F.3d 135, 141 (9th Cir.1997)(internal citations omitted)(quoting Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir.1994)).
 
 
 31
 We decline to award attorney fees to defendants because the appeal is not unreasonable, frivolous, meritless or vexatious.
 
 
 32
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The court found that defendants had been deliberately indifferent to the serious medical needs of those prisoners who required special diets. Defendants were ordered to follow the procedures that they informed the National Correctional Health Care Accrediting Organization inspection team were standard