**Robert WEBB, Individually, and for all other persons similarly situated; Terry Sterkenburg; Timothy Driscoll; Lesa Coontz; Frank Wallmuller; Russell Howard; Leslie Igou; Joseph Uhrich; Robert Friedly; Kent Hall; Peggy Knox; Bill Lohr; Jesse Fuller; Jane Doe, Plaintiffs–Appellees,**

v.

**ADA COUNTY, State of Idaho; Vaughn Killeen, individually and in his capacity of Sheriff of Ada County; Gary Glenn; Vern Bisterfelt; John Bastida, Ada County Commissioners, each sued in his individual and official capacities, Defendants–Appellants.**

**and**

**Richard Vernon, individually and in his capacity as Director of the Idaho Department of Corrections; and their successors in office, Defendant.**

Robert Webb, Individually, and for all other persons similarly situated; Terry Sterkenburg; Timothy Driscoll; Lesa Coontz; Frank Wallmuller; Leslie Igou; Joseph Uhrich; Robert Friedly; Kent Hall; Peggy Knox; Bill Lohr; Jesse Fuller; Jane Doe; Russell Howard, Plaintiffs–Appellants,

v.

Ada County, State of Idaho; Vaughn Killeen, individually and in his capacity of Sheriff of Ada County; Gary Glenn; Vern Bisterfelt; John Bastida, Ada County Commissioners, each sued in his individual and official capacities, Defendants–Appellees.

Robert Webb, Individually, and for all other persons similarly situated; Terry Sterkenburg; Timothy Driscoll; Lesa Coontz; Frank Wallmuller; Leslie Igou; Joseph Uhrich; Robert Friedly; Kent Hall; Peggy Knox; Bill Lohr; Jesse Fuller; Jane Doe; Russell Howard, Plaintiffs–Appellees,

v.

Ada County, State of Idaho; Vaughn Killeen, individually and in his capacity of Sheriff of Ada County; Gary Glenn; Vern Bisterfelt; John Bastida, Ada County Commissioners, each sued in his individual and official capacities, Defendants–Appellants.

No. 00–35338, 00–35787 and 00–35842.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2002.

Filed April 4, 2002.

Howard A. Belodoff, Belodoff Law Office, Boise, ID, for the plaintiffs/appellees/appellants.

Cary B. Colaianni, Deputy Prosecuting Attorney, and Valencia J. Bilyeu, Deputy Prosecuting Attorney, Boise, ID, for the defendants/appellants/appellees.

Before: ALARCON, and SILVERMAN, Circuit Judges, and BREWSTER,* District Judge.

* Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

ALARCON, Circuit Judge.

Robert Webb and several plaintiffs in this civil rights class action ("Webb") appeal from the district court's judgment awarding only a percentage of the postjudgment attorney's fees Webb requested. Ada County, Idaho ("Ada County") separately appeals, arguing that the district court should not have awarded any of these attorney's fees as they were not "directly and reasonably incurred in proving an actual violation" of Webb's rights, as is required by the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"). We affirm the district court's determination that the postjudgment attorney's fees Webb requested were compensable under the PLRA, because the fees were directly incurred in enforcing court ordered relief instituted to correct violations of Webb's constitutional rights. We vacate and remand a portion of the district court's fee award, however, because we find it erred in determining the applicable PLRA hourly rate and abused its discretion in not providing an adequate explanation for its substantial reduction of Webb's fee requests on three matters.

I

In 1991, Webb brought a class action pursuant to 42 U.S.C. § 1983 alleging unconstitutional conditions for prisoners in the Ada County Jail. The district court granted Webb partial summary judgment, finding that the jail's overcrowding was unconstitutional and was a major cause of Webb's other complaints. Through court orders and a partial consent decree, Webb prevailed on many of his claims. Pursuant to 42 U.S.C. § 1988, the court awarded Webb $244,308.00 in attorney's fees for his attorneys' work on the merits of the

§ 1983 action. In an unpublished order, we affirmed the district court's disposition of the merits of Webb's claims. *Webb v. Ada County, Idaho,* 145 F.3d 1343, 1998 WL 246521 (9th Cir.1998) (*"Webb I "*).

After the district court's judgment on the merits, Webb's attorneys performed legal services to enforce the court's orders and the terms of the consent decree. Webb requested an award of attorney's fees for this service. The district court found that Webb was partially successful in his postjudgment efforts and awarded him $9,495.00 in attorney's fees. Webb filed an appeal in which he challenged the amount of the award. *Webb v. Ada County, Idaho,* 195 F.3d 524, 525(9th Cir.1999) (*"Webb II "*). In *Webb II,* we affirmed in part the district court's award of postjudgment attorney's fees but remanded so that the district court could apply the rate cap provisions of the PLRA to the portion of postjudgment attorney's fees earned after the effective date of the statute. *Id.* at 528.

On remand, Ada County objected to the award of any post-judgment attorney's fees, arguing that they were not compensable under the PLRA because they were not reasonably and directly incurred in proving an actual violation of Webb's constitutional rights. In rejecting Ada County's argument, the district court concluded that the postjudgment fees were related to the enforcement of court-ordered relief for violations of Webb's constitutional rights. After applying the PLRA, the district court reduced the amount of attorney's fees to $6,036.25. The district court also awarded Webb an additional $17,290.50 for the services performed by Webb's attorneys since the first award of attorney's fees for enforcing and monitoring compli-

ance with the judgment on the merits and the entry of the consent decree.

Ada County and Webb filed separate appeals from the district court's award of postjudgment attorney's fees. We have consolidated their appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II

### Ada County's Appeal

Ada County argues that the district court erred in awarding attorney's fees for the services rendered by Webb's attorneys subsequent to the PLRA's effective date of April 26, 1996.[1] We review the district court's award of attorney's fees for abuse of discretion. *Native Vill. of Venetie Ira Council v. Alaska,* 155 F.3d 1150, 1151 (9th Cir.1998). We review a district court's interpretation of the law de novo. *Id.* at 1151–52.

The PLRA limits the amount of attorney's fees that can be awarded for services performed in actions brought on behalf of prisoners. The portion of the PLRA relevant to this appeal provides:

(1) In any action brought by a prisoner who is con fined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—

(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and

(B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or

(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

42 U.S.C. § 1997e(d).

Ada County argues that "[a] fee request must satisfy (A) *and* (B)(i) or (B)(ii)." Ada County contends that Webb did not demonstrate that any constitutional violations occurred after the judgment and consent decree were entered. Ada County maintains that Webb is not entitled to attorney's fees incurred in monitoring and enforcing the judgment and consent decree pursuant to the PLRA because Webb failed to demonstrate that the postjudgment fees were incurred in proving an actual violation of the Constitution. We disagree. Ada County's interpretation of the PLRA would render the language of subsection (B)(ii) superfluous. Subsection (B)(ii) requires that the fees be "directly and reasonably incurred in *enforcing* the *relief ordered* for the violation." 42 U.S.C. § 1997e(d)(1)(B)(ii) (emphasis added). If a postjudgment fee request could only be granted if the attorney's services were directly linked to a discrete constitutional violation, fees incurred "in enforcing the relief" that the court had ordered because of demonstrated previous constitutional violations, could not be awarded. To the contrary, when subsections (A) and (B) are read together, it is apparent that Congress intended that a plaintiff is entitled to fees incurred in enforcing a judgment entered upon proof that the plaintiff's constitutional rights had been violated. The PLRA defines relief as "all relief in any form that

---

**1.** Ada County is challenging Webb's award of postjudgment attorney's fees that were incurred for the following tasks: bringing contempt and sanctions motions to enforce the district court's orders, monitoring Ada County's compliance with the consent decree, opposing application of the PLRA to the fee requests, briefing the district court on the retroactive application of the PLRA, replying to Ada County's objection to the fee award, replying to Ada County's motion to terminate the consent decree, and fees-on-fees.

may be granted or approved by the court, and includes consent decrees." 18 U.S.C. § 3626(g)(9). Therefore, Webb's attorney's fees incurred for postjudgment enforcement of the district court's orders and the consent decree were compensable under the PLRA.

Ada County's argument that Webb is not entitled to attorney's fees incurred in enforcing the consent decree ignores findings by the district court that it corrected violations of Webb's rights. After the enactment of the PLRA, Ada County brought a motion to terminate the consent decree. It asserted that the consent decree did not comply with the requirements of the PLRA. The PLRA provides for the immediate termination of any consent decree unless

> the court makes written findings based on the record that prospective relief remains necessary to correct a current or ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

18 U.S.C. § 3626(b)(3). The district court denied Ada County's motion to terminate the consent decree. It reasoned as follows:

> Based upon the rulings by this Court and the magistrate judge prior to the approval of the Partial Con sent Decree, violations of Federal rights were found. Additionally, the relief set forth in the

Partial Con sent Decree was narrowly drawn and extended no further than necessary to correct the violation of the Federal rights.

Thus, in holding that the consent decree met the requirements of the PLRA, the district court found that the consent decree corrected violations of Webb's constitutional rights.

The district court's judgment and the consent decree were instituted to correct federal constitutional violations of Webb's rights. The attorney's fees Webb requested for post-judgment work were incurred in enforcing and monitoring the court's judgment and the consent decree, or were directly related to the services performed in Webb's litigating requests for attorney's fees under the PLRA. The district court did not err in ruling that Webb's attorney's fees were compensable under the PLRA.

### III

### Webb's Appeal

#### A.

Webb contends that the district court erred in calculating the award of attorney's fees. Ada County asserts that we have no jurisdiction to consider the merits of Webb's appeal because it was filed beyond the 30–day deadline prescribed by Fed. R.App. P. 4(a).[2] Therefore, as a threshold matter, we must determine whether we have jurisdiction over Webb's appeal. *See*

---

2. Rule 4(a) provides as follows:

(1)(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

. . .

(4)(A) If a party timely files in the district court any of the following motions under

the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

. . .

(iv) to alter or amend the judgment under Rule 59;

. . . .

Fed. R.App. P. 4(a).

*Browder v. Dir., Dept. of Corr.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (stating 30–day time limit is "mandatory and jurisdictional").

After our remand in *Webb II,* the district court filed its judgment regarding Webb's request for postjudgment attorney's fees on April 13, 2000. Webb timely filed a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e).[3] The district court granted in part and denied in part Webb's Rule 59(e) motion in an order filed June 26, 2000. The district court entered a final judgment regarding the Rule 59(e) motion on August 18, 2000. Webb filed his notice of appeal on August 29, 2000.

■■■■ The 30–day period for Webb's appeal began to run "from the entry of the order disposing of" his Rule 59(e) motion. Fed. R.App. P. 4(a)(4)(A)(iv). An order is entered for the purposes of Rule 4(a)(4)(A)(iv) when it is entered in compliance with Fed.R.Civ.P. 58. Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Ada County contends that the 30–day period began to run from the district court's June 26, 2000 *order* granting in part and denying in part Webb's Rule 59(e) motion rather than the *judgment* entered on the Rule 59(e) motion on August 18, 2000. In support of this contention, Ada County relies upon *Hollywood v. City of Santa Maria,* 886 F.2d 1228 (9th Cir.1989). In *Hollywood,* we held that when a district court properly enters an order on the docket denying a party's Rule 59 motion for a new trial, it is not required to enter a separate document labeled "judgment" to start the 30–day period for the filing of a notice of appeal. 886 F.2d at 1231–32. We rea-

soned in *Hollywood* that the Rule 58 requirement that a separate document be filed

> serves to eliminate confusion as to which order ends the litigation. . . . No comparable risk of confusion exists with respect to an order denying a motion for new trial where the order is properly entered on the docket sheet. In this case, as is generally the case in the Rule 59 context, the order denying the motion for new trial definitively signaled the end of the litigation.

*Id.* at 1232. We held in *Hollywood* that the 30–day period begins to run when the district court enters a final order denying a Rule 59 motion. *Id.*

In *Hollywood,* however, we distinguished a Second Circuit case that held where a district court *grants* a Rule 59(e) motion and subsequently enters a new judgment, the 30–day period begins to run from the entry of the new judgment, not from the order granting the Rule 59(e) motion. *Id.* at 1232 n. 8. In the instant matter, in its June 26, 2000 order, the district court granted in part and denied in part Webb's Rule 59(e) motion to alter or amend the judgment. The court ordered the parties to submit a proposed amended judgment within 14 days. Thus, this case is distinguishable from the factual scenario in *Hollywood.* Here, the district court did not simply deny Webb's motion to alter or amend the judgment. Instead, the district court ordered the parties to submit a final judgment for the court's approval within 14 days. Webb timely filed his appeal because the 30–day period began to run when the court filed its amended judgment on August 18, 2000.

---

**3.** Rule 59(e) provides:
Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

Fed.R.Civ.P. 59(e).

## B.

Turning to the merits of Webb's appeal, Webb argues that the district court made several errors in calculating the final award of attorney's fees. A district court's award of attorney's fees is reviewed for abuse of discretion. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 900 (9th Cir.1995). "[A]ny elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable *de novo*. A district court's fee award does not constitute an abuse of discretion unless it is based on an inaccurate view of the law or a clearly erroneous finding of fact." *Id.* (quotations and citations omitted).

## 1.

Webb first contends that the district court erred in applying the PLRA's rate cap to attorney's fees relating to motions for contempt and discovery sanctions. He argues that since the contempt and discovery sanctions fees were awarded under 18 U.S.C. § 401 and Fed.R.Civ.P. 37, these fees should not be limited by the PLRA rate cap because the PLRA applies *only* to fees awarded pursuant to 42 U.S.C. § 1988.[4] The record shows, however, that Webb's contempt and discovery motions were directly related to his underlying § 1983 cause of action. The discovery sanctions were ordered against Ada County for refusing to turn over documents related to the jail's staffing levels. The purpose of the PLRA "was apparently to curtail frivolous prisoners' suits and to minimize the costs—which are borne by taxpayers—associated with those suits." *Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir.1999). Given this purpose, it is unlike-

ly that Congress intended that only *part* of the attorney's fees awarded in a prisoner lawsuit be subject to the PLRA rate cap. Congress' desire to reduce the costs of these lawsuits would not be furthered by awarding attorney's fees piecemeal; Webb's interpretation of the PLRA's scope would increase litigation over which fees should be paid at which rate. The district court did not abuse its discretion by applying the PLRA rates to fees related to motions for contempt and discovery sanctions.

## 2.

The district court applied the PLRA rate cap to all fees relating to work that Webb's attorneys performed after the PLRA's effective date of April 26, 1996. Webb contends that a portion of these post-PLRA attorney's fees were not incurred in postjudgment monitoring services, but rather related to the merits of the case. Webb asserts that the PLRA rate cap should not apply to the portion of fees related to the merits of the case because this would create an "impermissible effect on counsels' expectation as to their compensation when they undertook the representation." In *Martin v. Hadix*, 527 U.S. 343, 119 S.Ct. 1998, 144 L.Ed.2d 347 (1999), the Supreme Court held that the PLRA rate cap does not apply to post-judgment monitoring work performed before the PLRA's effective date, but that "[w]ith respect to postjudgment monitoring performed after the effective date ... there is no retroactive effect, and the PLRA fees cap applies to such work." 527 U.S. at 361–62, 119 S.Ct. 1998. Webb argues that *Martin* did not foreclose his argument because *Martin* only discussed

---

4. The PLRA provides in relevant part:

   In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are

   authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that....

   42 U.S.C. § 1997e(d)(1).

fees earned for postjudgment monitoring, as opposed to fees earned relating to the merits of a case. Webb's reading of *Martin*, however, is too narrow. In reaching its holding, the *Martin* Court reasoned that the PLRA put attorneys

> on notice that their hourly rate had been adjusted .... After April 26, 1996, any expectation of compensation at the pre-PLRA rates was unreasonable. There is no manifest injustice in telling an attorney performing postjudgment monitoring services that, going forward, she will earn a lower hourly rate than she had earned in the past. If the attorney does not wish to perform services at this new, lower pay rate, she can choose not to work. In other words, as applied to work performed after the effective date of the PLRA, the PLRA has future effect on future work; this does not raise retroactivity concerns.

*Id.* at 360, 119 S.Ct. 1998.

In holding that the PLRA has no retroactive effect on work performed after the effective date, the *Martin* Court rejected "the assumption that the attorney's initial decision to file a case on behalf of a client is an irrevocable one" or "that once an attorney files suit, she must continue working on that case until the decree is terminated." *Id.* at 361, 119 S.Ct. 1998. Webb maintains that this case is distinguishable from the situation presented in *Martin* because his "counsel was practically and ethically prevented from withdrawing prior to the final determination on the merits" of the case. The Idaho Rules of Professional Conduct, however, allow an attorney to withdraw from a case if "the representation will result in an unreasonable financial burden on the lawyer." Idaho R. Prof'l Conduct 1.16(b)(5). The attorneys here neither requested withdrawal nor evidenced any desire to withdraw from the case. *See Martin*, 527 U.S. at 361, 119

S.Ct. 1998("[Respondents] do not seriously contend that the attorneys were prohibited from withdrawing from the case.").

The Court's reasoning in *Martin* regarding the retroactive effect of the PLRA was not limited to fees relating to postjudgment monitoring. "It cannot be said that the PLRA changes the legal consequences of the attorneys' pre-PLRA decision to file the case." *Id.* Therefore, all fees incurred for attorney's services performed after the PLRA's effective date of April 26, 1996 are subject to the PLRA rate cap. The district court did not err in applying the PLRA rate cap to all fees, whether related to the merits or postjudgment monitoring, earned after the PLRA's effective date.

### 3.

■ Webb also contends that the district court erred by applying an incorrect hourly rate in calculating attorney's fees under the PLRA. We agree. Webb asked the district court to apply a baseline hourly rate of $75, as authorized by the Judicial Conference pursuant to the Civil Justice Reform Act, 18 U.S.C. § 3006A. The district court rejected Webb's argument and determined that the baseline rate should be $65 for in-court time and $45 for out-of-court time, which are the rates actually paid to court-appointed counsel in the District of Idaho under § 3006A.

The PLRA prohibits a district court from awarding fees at an hourly rate "greater than 150 percent of the hourly rate established under section 3006A of Title 18, for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). Title 18 U.S.C. § 3006A provides that court-appointed counsel shall

> be compensated at a rate not exceeding $60 per hour for time expended in court or before a United States magistrate judge and $40 per hour for time reason-

ably expended out of court, unless the Judicial Conference determines that a higher rate of not in excess of $75 per hour is justified for a circuit or for particular districts within a circuit.

18 U.S.C. § 3006A(d)(1). At the time Webb's attorneys earned their post-judgment fees, the Judicial Conference had approved that a rate of $75 per hour was justified for all district courts except for the District of Rhode Island. This approved rate had not been implemented in the District of Idaho, however, due to a lack of congressional funding.

In rejecting Webb's argument that $75 was the appropriate baseline rate, the district court reasoned that the use of the word "established" in § 1997e(d)(3) when considered with the words "for payment of court-appointed counsel" evidences a "Congressional intent ... to link payment to PLRA counsel to the amount actually paid to CJA counsel in each district, not to what might be paid in the future." We disagree. The PLRA expressly provides for payment at the rate "established" under 18 U.S.C. § 3006A. 42 U.S.C. § 1997e(d)(3). The Judicial Conference determined that a rate of $75 per hour for the District of Idaho was justified. Section 1997e(d)(3) makes no distinction between the amount authorized by the Judicial Conference and the amount actually appropriated by Congress to compensate court-appointed counsel in criminal proceedings. We conclude, therefore, that the district court erred as a matter of law in construing 42 U.S.C. § 1997e(d)(3) and 18 U.S.C. § 3006A.

4.

■ Webb maintains that the district court abused its discretion by not adequately explaining why it substantially reduced his requested postjudgment attorney's fees on three matters. "The district court has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, we defer to its determination, including its decision regarding the reasonableness of the hours claimed by the prevailing party." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). In exercising this discretion, however, the district court must "give at least some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review." *Id.*

■ We agree with Webb that the district court did not adequately explain its substantial reduction in Webb's requested hours. With respect to the motion for contempt, the court awarded only 15 of the over 80 hours that Webb requested because the contempt violation was "technical" and did not result "in any inmate's constitutional rights being violated." For work performed on the motion for discovery sanctions, the court awarded only 9 hours because Webb's request for 27.4 hours was "excessive." With respect to Webb's opposition to Ada County's objections to fees, the district court awarded only 21 hours, finding Webb's request for 32.9 hours "excessive especially in light of the fact that Plaintiffs did not prevail on all objections." [5] The terms "excessive" and "technical" are conclusions that are

5. The difference between the amount of time Webb represented to the court that was expended in performing legal services and the amount of hours the court found were compensable is illustrated in the following chart:

| Motion | Hours Requested | Hours Awarded | Percentage Awarded |
|---|---|---|---|
| Contempt | 80.2 | 15 | 19% |
| Sanctions | 27.4 | 9 | 33% |
| Opposing Ada County's Objections to Fees | 36.4 | 21 | 58% |
| *Total* | 144 | 45 | 31% |

unsupported by any articulation of the basis for the court's substantial reduction of Webb's request. While we do not require the district court "to set forth an hour-by-hour analysis of the fee request," *Gates*, 987 F.2d at 1399, we cannot determine from the present record the basis for the court's determination that the hours claimed by Webb were excessive. Accordingly, we must order a remand for the development of a record that will permit us to review the question whether the district court properly exercised its discretion.

5.

■■■ A portion of the postjudgment monitoring fees that the district court awarded Webb related to work his attorneys per formed before the PLRA's effective date of April 26, 1996. With respect to these pre-PLRA fees, the district court awarded an hourly rate of $125 per hour. Webb contends that the district court erred in applying a lower hourly rate to compensate him for the services performed by his attorneys on pre-PLRA postjudgment matters than the court applied for work on the merits in *Webb I*. The district court found that an hourly rate of $125 was justified because the postjudgment issues "have not been complex and the risks associated with such motions does not justify the hourly rate of $140 per hour" that Webb's attorneys received during the merits phase in *Webb I*. Prior to the enactment of the PLRA, we held that

"[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir.1986).[6] The record reveals that the district court considered evidence submitted by both par ties in determining a reasonable hourly rate based on the relevant community for services performed before the effective date of the PLRA. The district court adequately explained its reasons and did not abuse its discretion in setting a different hourly rate for pre-PLRA postjudgment matters than it had applied in *Webb I*. See *Gates v. Rowland*, 39 F.3d 1439, 1451 (9th Cir.1994) (a district court has discretion to determine whether same expertise that supports high rate for merits portion of case justifies using the same high rate for postjudgment phase).

6.

■■■ Finally, Webb argues that the district court erred in awarding Ada County interest on its overpayment of attorney's fees. The district court originally awarded Webb $9,495.00 in attorney's fees related to postjudgment matters. Ada County paid that amount in full on October 3, 1997. On remand from this court in *Webb II*, the district court recalculated Webb's award, and after applying 42 U.S.C. § 1997e(d), reduced the award to $6,036.25. It concluded that Ada County

---

6. The method of calculating a reasonable hourly rate for attorney's fees, as discussed in *Chalmers*, is still applicable in non-prisoner suits. In law suits brought by prisoners, however, the method of calculating the hourly rate for attorney's fees is dictated by the PLRA. *See* 42 U.S.C. § 1997e(d)(3) ("No award of attorney's fees in an action ... [brought by a prisoner] shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A

of Title 18, for payment of court-appointed counsel."). The PLRA only applies to fees incurred for attorneys' services performed *after* the PLRA's effective date of April 26, 1996. *Martin*, 527 U.S. at 361–62, 119 S.Ct. 1998. The fees Webb is challenging here relate to work his attorneys performed *before* April 26, 1996. Thus, we apply the pre-PLRA analysis found in *Chalmers* to review the district court's determination of a reasonable hourly rate to apply to these pre-PLRA fees.

was entitled to an offset in the amount of $3,458.75. In addition, the court awarded Ada County 5.6% interest on that amount from October 3, 1997, the date Ada County satisfied the judgment. A district court's award of interest is reviewed for abuse of discretion. *AT & T v. United Computer Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996).

■■■ Webb argues that this award of interest was improper because 28 U.S.C. § 1961[7] only allows postjudgment interest to accrue from the date of entry of judgment. Webb's argument is without merit. Section 1961 does not apply under these circumstances. Ada County was not awarded interest after receiving a judgment. Rather, it was awarded interest because it promptly paid the total amount awarded by the court that was subsequently determined to have been erroneously calculated. *See Webb II*, 195 F.3d at 527–28. Therefore, since Ada County was deprived of the use of its money because of the miscalculation, the district court did not abuse its discretion in awarding interest to Ada County for the use of its money. *Cf. Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir.1995) ("The purpose of awarding interest to a party recovering a money judgment is to compensate the wronged person for being deprived of the monetary value of the loss." (quotation and alterations omitted)).

### Conclusion

We AFFIRM the district court's determination that Webb's postjudgment attorney's fees are compensable under the PLRA. We VACATE and REMAND those portions of the district court's judgment awarding attorney's fees with instructions that it use a baseline of $75 in calculating and awarding PLRA-authorized fees and set forth its reasons for reducing the compensable hours requested by Webb's counsel.

We grant Webb's request for attorney's fees on appeal pursuant to 42 U.S.C. §§ 1988 and 1997e(d)(1) because his attorneys' services were directly related to his appeal concerning attorney's fees under the PLRA. *See Hewitt v. Joyner*, 940 F.2d 1561, 1571 (9th Cir.1991) (" 'A prevailing [civil rights] plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' " (alteration in original) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983))). The determination of the amount of the attorney's fees is transferred to the district court. *See* 9th Cir. R. 39–1.8; *Am. Jewish Cong. v. City of Beverly Hills*, 90 F.3d 379, 386 (9th Cir.1996) (en banc).

AFFIRMED IN PART, VACATED IN PART AND REMANDED.

Each party shall bear its own costs on appeal.

---

7. Section 1961 provides:
   Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be cal-

culated from the date of the entry of judgment....
28 U.S.C. § 1961(a).