Terri FRANCISCO–FARRELL,
Plaintiff—Appellee,

v.

LOCAL UNION NO. 112 OF INTERNA-
TIONAL BROTHERHOOD OF
ELECTRICAL WORKERS; David M.
Smith, Defendants—Appellants.

Nos. 03–35656, 03–35913.
D.C. No. CV–02–05019–FVS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Feb. 7, 2005.

Michael B. Love, Esq., Paine, Hamblen, Coffin, Brooke & Miller, Spokane, WA, for Plaintiff–Appellee.

Brian J. Ramming, Esq., Roach Law Offices PS, Pasco, WA, David Allen Han-

nah, Esq., Northbend, WA, for Defendants–Appellants.

Before: ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Terri Francisco–Farrell was both a member of defendant Local 112 and employed by Local 112 as an appointed secretary/bookkeeper, working under the direct supervision of the Business Manager. The elected office of Business Manager is the highest ranking position in the Local, and the Business Manager has plenary power to appoint and fire members of the administrative staff. During an election for Business Manager, Francisco–Farrell supported Chris Wickstrand, her fiancé, against David Smith, the incumbent and Francisco–Farrell's current boss. Smith won the election and later fired Francisco–Farrell for being unsupportive of his administration.

Francisco–Farrell sued Local 112 and David Smith, arguing that they had violated provisions of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401 *et seq.* ("LMRDA"). The case was tried to a jury, and the jury returned a verdict for Francisco–Farrell on the LMRDA claims, awarding her $185,000 in damages, including $20,000 in punitive damages. The district court awarded Francisco–Farrell attorneys' fees in the amount of $187,388.75 and prejudgment interest on the backpay component of her award.

The appellants argue that the district court misinstructed the jury on the elements of a claim under the LMRDA. We hold that the district court properly instructed the jury on at least one theory of recovery under the LMRDA. A termination violates the LMRDA if it "occurs as a purposeful and deliberate attempt to suppress dissent within the union." *Lynn v. Sheet Metal Workers' Internat'l Assoc.,* 804 F.2d 1472, 1478 (9th Cir.1986), *aff'd,* 488 U.S. 347, 109 S.Ct. 639, 102 L.Ed.2d 700 (1989) (citation, alteration, and quotation marks omitted). We hold that Jury Instructions 6 and 7 properly instructed the jury on this theory of liability.

■ Defendant's Proposed Instruction 29 would have instructed the jury that for Francisco–Farrell to recover under this theory of liability, she had to prove that her discharge was part of a series of oppressive acts that endangered the union's democratic process. When an objection goes to the accuracy of an instruction as a statement of law, it is reviewed de novo. *Fireman's Fund Ins. Cos. v. Alaskan Pride P'ship,* 106 F.3d 1465, 1469 (9th Cir.1997). No Ninth Circuit case has held that a plaintiff must prove that her firing was part of a series of oppressive acts. *See, e.g., Lynn,* 804 F.2d at 1478 (allowing recovery for retaliatory removal that occurs as a "purposeful and deliberate attempt to suppress dissent," but not requiring plaintiff to prove a series of oppressive acts). Thus, the law of this circuit was not misstated by the omission of the defendant's proposed instruction, and the district judge did not err in declining to gloss the "deliberate and purposeful attempt to suppress dissent" language in the way that the defendants requested.

The jury returned a special verdict form. Among other things, the form asked

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

whether the defendants "violated the plaintiff's rights as a member of Local 112 under federal law by terminating her as part of a deliberate and purposeful attempt to suppress dissent within the union." The jury answered "yes" to this question, both as to Local 112 and as to Smith. Thus, the jury found the defendants liable on a theory on which they had been properly instructed by the district court. Because of this, any error in instructing the jury on other theories of liability under the LMRDA was harmless. Thus, we do not reach the question of whether Jury Instructions 6 and 7 properly instructed the jury on other theories of liability.

■ The appellants also challenge the district court's award of attorneys' fees. Awards of attorneys' fees are reviewed for clear error. *Bise v. Int'l Bhd. of Electrical Workers,* 618 F.2d 1299, 1306 (9th Cir. 1979). Appellants contend that the district court erred in basing its determination that the defendants had acted in bad faith on the jury's award of punitive damages. Though the district court noted that the jury found that the defendants acted maliciously, it clearly stated that "[t]he court also bases its conclusion on all of the evidence presented at trial." Thus, contrary to the appellants' assertion, the district court made its own finding of bad faith. The appellants have not established that the award of attorneys' fees was clearly erroneous.

■ Finally, the appellants argue the district court erred in awarding prejudgment interest at the Washington state rate of 12%. Grants or denials of prejudgment interest are reviewed for abuse of discretion. *Webb v. Ada County,* 285 F.3d 829,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

841 (9th Cir.2002). The only case the appellants cite in support of their contention that the district court erred in using the state rate of interest rather than the federal rate is *Davis v. City and County of San Francisco,* 976 F.2d 1536, 1557–58 (9th Cir.1992), *vac. in part on other grounds,* 984 F.2d 345 (9th Cir.1993). However, in that case, the court did not hold that the district court was obligated to use the federal rate. Rather, it held that "[t]he district court was ... within its bounds in applying federal law...." 976 F.2d at 1557. Since the district court was not obligated to use a federal rate of interest, it did not abuse its discretion by applying the state rate.

AFFIRMED.